**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING**

| | |
|---|---|
| **CRAIG CUNNINGHAM,**<br>**Plaintiff,**<br><br>**v.**<br><br>Air Voice, Inc. Mukesh Mahajan, Vivek Babbar, Dheer Gulati, TSS Consulting Group, LLC, Marcos Taveras, and John/Jane Does 1-5<br><br>**Defendant** | §<br>§<br>§<br>§<br>§ **Civil Case No.** 18-Cv-182-F<br>§<br>§<br>§<br>§ |

**Plaintiff's Original Complaint**

**Parties**

1. The Plaintiff is Craig Cunningham and natural person and was present in Texas for all calls in this case in Collin County.

2. Air Voice, Inc., is a Wyoming corporation that can be served via Registered agent Incorp Services, Inc., 1910 Thomas Ave., Cheyenne, WY 82001 or Corporate Officer Vivek Babbar 42480 Benfold Sq., Brambleton, VA 20148 or 666 Plainsboro Road, Suite 1335 Plainsboro NJ, or 918 Waterview Way, Apt O Champaign, IL 61822.

3. Dheer Gulati is a natural person who can be served at 278 Hayes Dr., Saddlebrook, NJ 07663.

4. Mukesh Mahajan is a natural person who can be served at 205 Christiana Mdws Bear, DE 19701

5. TSS Consulting Group is a Florida corporation that can be served Via Registered agent: Reg Agent The Law Office of Vik Parti PA 7380 Sand Lake Road, ste 500,

Orlando, FL 32819.

6. Marcos Taveras is a natural person who can be served at 8815 Conroy Windermere Road, #185 Orlando, FL 32835

7. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

## JURISDICTION AND VENUE

8. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

9. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendant because the company is headquarted in Wyoming and the other named corporations have contracted with ASI, LLC to launder money through the ASI's merchant and bank accounts.

10. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed originated in Wyoming and the defendants reside in this district or contracted with Wyoming entities to launder money.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

13. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

14. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

15. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

16. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

17. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be

---

[1] See Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

costly and inconvenient.

18. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

19. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

20. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

21. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations

of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

22. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

23. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

**The Texas Business and Commerce Code 305.053**

24. The Texas Business and Commerce code has an analogus portion that is related to the TCPA and was violated in this case.

25. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

**FACTUAL ALLEGATIONS**

26. Rachel with Card Services is the bane of the existance of many consumers. These are calls long since prosecuted by the FTC that make fraudulent, misleading, false

promises and exaggerated claims to consumers. These scams have taken place for years and continue to this day. Air Voice, Inc. Mukesh Mahajan, Vivek Babbar, Dheer Gulatiare ringleaders of this scam and have called thousands of consumers including the Plaintiff in violation of the TCPA.

27. The calls alleged were placed by or on behalf of Air Voice, Inc. Mukesh Mahajan, Vivek Babbar, Dheer Gulati. Vivek Babbar controlled Air Voice, Inc and directed agents of Air Voice Inc. to place illegal robocalls to the Plaintiff in this case without consent and not related to any emergency purpose as alleged in this complaint. Mukesh Mahajan, Vivek Babbar, Dheer Gulati controlled Air Voice Inc and directed agents of Air Voice Inc to place calls to the Plaintiff's cell phone without consent and not related to any emergency purpose as alleged in this complaint.

**Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc TCPA violations**

28. Mr. Cunningham received multiple calls from a variety of spoofed caller ID's that contained a pre-recorded message and were initiated using an automated telephone dialing system. The calls were on behalf of Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS Consulting Group, LLC and Marcos Tavares.

29. In September and October 2018, the Plaintiff recieved multiple calls from multiple spoofed or non-working caller ID's all designed to trick consumers into picking up the phone by using false, misleading, and fraudulent caller ID's. These calls were not related to an emergency purpose or any consent provided by the Plaintiff.

30. An example of a pre-recorded message was *"This is not a solicitation call. Hi, this is the credit card holder reward center with Visa Mastercard. We have been monitoring your credit card accounts for the last 6 months. Congratulations on your excellent*

*payment history...* " This call was from 615-331-7890, which is a local area spoofing designed to trick consumers to pick up the phone by making it appear to be a local number calling the Plaintiff, to 615-331-7262 on 10/23/2018.

31. Each and every call was initiated using an automated telephone dialing system as there was a 3-4 second pause of dead air before the call connected and the pre-recorded message started.

32. In total, the Plaintiff received at least 9 calls by or on behalf of Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS Consulting Group, LLC and Marcos Tavares. The Plaintiff confirmed that the calls were on behalf of TSS Consulting Group by calling the 800 number given for customer service and the agents confirmed that the calls were on behalf of TSS Consulting. 1

33. On October 24, 2017, the Plaintiff had a charge appear on his credit card from Air Voice, Inc. in the amount of $1,200 for the card ending in 8565 (See Screenshot Ex A). The Plaintiff never authorized this charge by Air Voice, Inc., and never spoke or interacted with anyone associated with Air Voice, Inc., before the charge was made. The $1200 charge corresponds to an amount the individuals with "card services" claimed to charge the Plaintiff on 10/23/2018.

**Alleged Calls**

| Date/Time | Type | Number | Duration | Direction | Network |
|---|---|---|---|---|---|
| 25/09/2018 1:05 PM | call | (615) 331-7890 | 16s | inbound | cell |
| 24/09/2018 6:18 PM | call | (615) 331-7890 | 48s | inbound | cell |
| 19/09/2018 7:54 PM | call | (615) 331-7890 | 1m 27s | inbound | cell |
| 13/09/2018 9:41 PM | call | (615) 331-7890 | 1m 9s | inbound | cell |
| 11/09/2018 6:11 PM | call | (615) 331-7890 | 1m 16s | inbound | cell |
| 30/10/2018 1:55 AM | call | (615) 331-7890 | 37s | outbound | cell |
| 29/10/2018 2:51 PM | call | (615) 331-7890 | 1m 9s | inbound | cell |
| 23/10/2018 5:43 PM | call | (615) 331-7890 | 51m 26s | inbound | cell |
| 18/10/2018 9:01 PM | call | (615) 331-7890 | 3m 17s | inbound | cell |
| 02/10/2018 1:23 PM | call | (615) 331-7890 | 1m 9s | inbound | cell |

34. On 08/25/2018, the Plaintiff called 609-269-4672 a number associated with Air Voice Inc., but it was a Google Voice number and left a message. Vivek Babbar is the CEO and corporate officer of Air Voice Inc. Vivek indicated that his company charged my card for debt relief services, but the Plaintiff never authorized any transaction with Vivek or Air Voice Inc. The Plaintiff was emailed financial records showing the transaction and subsequent refund from the perspective of Air Voice, Inc., confirming the transaction was made and matched the charges on the Plaintiff's credit card.(See Ex B and C) 1

**Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS Consulting Group, LLC and Marcos Tavares knowing and Willful Telemarketing regulation violations**

35. On information and belief, Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS Consulting Group, LLC and Marcos Tavares and did not have a written do-not-call policy while it was sending calls to Mr. Cunningham.

36. On information and belief, Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS Consulting Group, LLC and Marcos Tavares. did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

37. Calls on behalf of Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS Consulting Group, LLC and Marcos Tavares. did not provide Mr. Cunningham with the name of the individual caller or the name of the person or entity on whose behalf the call was being made.

38. Each and every call placed on behalf of and for the benefit of Mukesh Mahajan,

Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS Consulting Group, LLC and Marcos Tavares.

39. Mr. Cunningham has a limited data plan. Incoming text messages chip away at his monthly allotment.

40. Mr. Cunningham has limited data storage capacity on his cellular telephone. Incoming calls from Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS Consulting Group, LLC and Marcos Tavares consumed part of this capacity.

41. No emergency necessitated the calls

42. Each call was sent by an ATDS.

**Vivek Babbar's control over Air Voice Inc. and Marcos Tavares control over TSS Consulting Group, LLC Including its Illegal Robocalling and Telemarketing**

43. At all times relevant to the claims alleged herein, Vivek Babbar was the sole corporate officer in charge of Air Voice Inc. and Marcos Tavares had sole control over TSS Consulting Group, LLC. Each and every call was placed on behalf of the corporate entites owned by Marcos Tavares and Vivek Babbar.

44. Tavares and Babbar were aware that ASI, LLC was sending automated, telemarketing text messages en masse to people, including Plaintiff, who had not requested to be contacted by Air Voice Inc and TSS Consulting.

45. As the senior-most executives for their corporations, Tavares and Babber had the power to stop these spam campaigns.

46. As the senior-most executives for their corporations, Tavares and Babber had the

power to fire the managers and employees taking part of the day-to-day operations of these illegal robocalling operations.

47. Instead, Tavares and Babber allowed the calls to continue and the responsible managers to keep their jobs—despite his knowledge of frequent do-not-call complaints from recipients of these messages, including the Plaintiff.

**Violations of the Texas Business and Commerce Code 305.053**

48. The actions of Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS Consulting Group, LLC and Marcos Tavares violated the Texas Business and Commerce Code 305.053 by placing automated calls to a cell phone which violate 47 USC 227(b). The calls by Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS Consulting Group, LLC and Marcos Tavares violated Texas law by placing calls with a pre-recorded message to a cell phone which violate 47 USC 227(c)(5).

49. The calls by Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS Consulting Group, LLC and Marcos Tavares violated Texas law by spoofing the caller ID's per 47 USC 227(e) which in turn violates the Texas statute.

## I.   FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

### (Against All Defendants)

1.      Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2.      The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making

non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent.

3.      Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4.      Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5.      Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

### (Against All Defendants)

6.      Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.      The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

a.      a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[2]

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

      b.      training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

      c.      in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8.      Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9.      Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

10.      Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and ASI, LLC's name in the solicitations.

## III. THIRD CLAIM FOR RELIEF: Violations of The Texas Business and Commerce Code 305.053

11.      Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12.      The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Cunningham's

---

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

cellular telephone number without his prior express written consent in violation of 47

USC 227 et seq.

13.    Mr. Cunningham is entitled to an award of at least $500 in damages for

each such violation.**Texas Business and Commerce Code 305.053(b)**

14.    Mr. Cunningham is entitled to an award of up to $1,500 in damages for

each such knowing or willful violation. **Texas Business and Commerce Code**

**305.053(c).**

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against

Defendant Mukesh Mahajan, Vivek Babbar, Dheer Gulati and Air Voice Inc., and TSS

Consulting Group, LLC and Marcos Tavares, jointly and severally as follows:

A.    Leave to amend this Complaint to name additional DOESs as they are

identified and to conform to the evidence presented at trial;

B.    A declaration that actions complained of herein by Defendants violate the

TCPA and Texas state law;

C.    An injunction enjoining Defendants and their affiliates and agents from

engaging in the unlawful conduct set forth herein;

D.    An award of $3000 per call in statutory damages arising from the TCPA

intentional violations jointly and severally against the corporation and individual for 9

calls.

E.    An award of $1,500 per call in statutory damages arising from violations

of the Texas Business and Commerce code 305.053

F.      An award to Mr. Cunningham of damages, as allowed by law under the

TCPA;

G.      An award to Mr. Cunningham of interest, costs and attorneys' fees, as

allowed by law and equity

H.      Such further relief as the Court deems necessary, just, and proper.

Craig Cunningham
Plaintiff,

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075

October 31, 2018

*EXA*



 **Citi® / AAdvantage® Executive World EliteTM Mastercard®-8565**

## Transaction Details

| Date | Description | Amount |
|------|-------------|--------|
| Oct. 24, 2018 | Air Voice Pty Ltd MCP Kellyville AUS | $ 1,200.00 |

**Additional Details**

| | |
|---|---|
| Transaction Type: | Purchases |
| Posted Date: | Oct. 24, 2018 |
| Category: | Services - COUNSELING-DEBT,MARRIAGE,PERSON AL |
| Reference Number: | CLWV4000 |
| Merchant Country: | Australia |

× | M [MW #UAJ-553-630 × | NetBank - Home × | LLC Australia - Goo × | Request Rejected × | W Limited company - × | +

rchant Warrior (SR Global Solutions Pty Ltd) [AU] | https://barracks.merchantwarrior.com

*ex B*

## Refund Successful.

This sale has **1** refund transactions - Refunds total **$1200.00**

| DATE | TIME | AMOUNT | STATUS |
|------|------|--------|--------|
| 26 Oct 2018 | 8:08:38 AM | - $1,200.00 | refunded |
| 24 Oct 2018 | 7:51:23 AM | $1,200.00 | approved |

## Transaction Details

‹ PREV RESULT      NEXT RESULT ›      BA

## Transaction Information

| | | | |
|---|---|---|---|
| **Transaction ID** | 5495-c85f6a95-d70d-11e8-b0ac-005056b226dc0.0000 | **Transaction Type** | Credit Card |
| **Date** | 24 Oct 2018 | **Sale Amount** | 1200.00USD |
| **Time** | 7:51:23 AM | **Transaction Status** | ✓ APPROVED ($ |
| **Settlement Amount** | 1,199.55 | **Fees** | 0.45 |
| **Receipt No** | 829708510836 | **Provider Response** | 0 - Approved |
| **Store ID** | Not Provided | **Reference ID** | Not Provided |

search

rchant Warrior (SR Global Solutions Pty Ltd) [AU] | https://barracks.merchantwarrior.com

*exc*

## Customer Information

| | | | | |
|---|---|---|---|---|
| Customer Name | CRAIG CUNNINGHAM | | Zip/Postcode | 37211 |
| Address | 5543 EDMODSON PIKE | | Country | US |
| State | TN | | Phone | 6153317262 |
| City | NASHVILLE | | Email | not@provided.con |
| IP | 27.33.253.133 | | | |

## Payment Information

| | | | | |
|---|---|---|---|---|
| Name of Product | BT | | Credit Card Number | 5218 ···· ···· 8 |
| Name of Cardholder | CRAIG CUNNINGHAM | | Expiry Date | 07   2022 |
| BIN | 521876 | | BIN Bank Name | N & W FEDERAL C UNION |
| BIN Type | | | BIN Country | US |

## Custom Field

search